UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*****************************************************************************

| | | |
|---|---|---|
| JOHNATHON WATKINS, | * | CIV 20-4035 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND |
| | * | ORDER ON MOTIONS TO DISMISS |
| KUM & GO, LLC, NATE HARRY, and RONDA JOHNSON, | * | |
| Defendants. | * | |

*****************************************************************************

On February 24, 2020, Plaintiff, Johnathon Watkins ("Watkins"), filed a pro se lawsuit against Defendants asserting claims for hostile work environment and race discrimination. (Doc. 1.) Later, the Court appointed counsel to represent Watkins. (Doc. 38.) During the relevant time period for the allegations in the Complaint, Watkins was employed at a Kum & Go store in Sioux Falls, South Dakota, where Nate Harry was the manager and Ronda Johnson was the assistant manager.

Each of the Defendants have filed a motion to dismiss. (Doc. 19, Doc. 27, Doc. 35.) The individual defendants seek dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because individuals cannot be held personally liable under Title VII. Kum & Go seeks dismissal for two reasons. First, Kum & Go argues that Watkins's lawsuit is untimely and must be dismissed under Rule 12(b)(6). Second, Kum & Go seeks dismissal pursuant to Rule 12(b)(5) because Watkins failed to serve Kum & Go within the ninety-day period prescribed in Rule 4(m) of the Federal Rules of Civil Procedure.

For the following reasons, the individual defendants' motions to dismiss are granted and Kum & Go's motion to dismiss is denied.

## BACKGROUND

In the Complaint that Watkins filed pro se on February 24, 2020, he alleges that a customer who frequented Kum & Go made threatening and racially charged comments to Watkins, that he reported the problem to his managers, and that his managers failed to take any action to stop the harassment by the customer. (Doc. 1.) Watkins contends that he left his employment with Kum & Go due to the hostile work environment.

Attached to the Complaint is a copy of a Charge of Discrimination that Watkins filed with the Sioux Falls Human Relations Commission ("SFHRC") on May 15, 2018. (Doc. 1-1, p. 13.) The Charge of Discrimination reflects that Watkins's address was on N. Waltz Avenue in Sioux Falls at the time he filed the Charge. (*Id.*) Watkins also attached a copy of the Order issued by the SFHRC on March 29, 2019, finding no probable cause.[1] (Doc. 1-1, pp. 4-15.) The Order indicates that Watkins's Charge of Discrimination was dual-filed with the EEOC. (Doc. 1-1, p. 5.)

Also attached to Watkins's pro se Complaint is a copy of a letter to him from the Equal Employment Opportunity Commission ("EEOC") dated January 24, 2020. (Doc. 1-1, p. 2.) In the letter, the EEOC indicated that it adopted the findings of the SFHRC. (*Id.*) It also stated in relevant part:

> This letter rescinds the EEOC Form 161-B Notice of Right to Sue (Issued on Request) dated December 23, 2019, due to a clerical error.
>
> The above EEOC charge was dismissed and issued a Form 161 Dismissal and Notice of Rights ("Dismissal Notice") on July 10, 2019. The original Form 161 was returned to EEOC sometime after July 18, 2019 with no forwarding address, therefore, EEOC was unable to forward it to you. (See attached.) In December 2019, you notified EEOC that you had moved and had not received written notification of the closure of your charge. Instead of mailing to you a copy of the July 10, 2019 Dismissal Notice, a Form 161-B "Notice of Right to Sue (Issued on Request)" was issued, in error.

---

[1] The SFHRC concluded in its March 29, 2019 order that Harry took swift action by banning the offending customer from the store after he learned of the nature of the comments directed at Watkins. (Doc. 1-1, p. 13.) The investigator noted that the customer had been banned from the store for nearly three weeks when Watkins stopped showing up for work. (*Id.* at p. 14.) (Doc. 1-1, p. 15.) She found no probable cause to believe that Kum & Go subjected Watkins to a hostile work environment based on race and color. (*Id.*)

2

>EEOC apologizes for this error. Enclosed please find the original Dismissal Notice dated July 10, 2019, which was returned to EEOC. Upon receipt of the Dismissal Notice, you have 90 days to file suit in federal court.

(Doc. 1-1, p. 2.)

Kum & Go does not contest the authenticity of the documents attached to the Complaint, and the Court will consider the documents for purposes of Kum & Go's Rule 12(b)(6) motion to dismiss.

On page five of the Complaint, Watkins alleges that the EEOC issued a Notice of Right to Sue letter, and that he received it on December 23, 2019. (Doc. 1, p. 5.)

Kum & Go argues that the 90-day limitations period for Watkins to file this lawsuit was triggered when the EEOC sent the undelivered Notice of Rights to Watkins on July 10, 2019, which would mean that this action filed on February 24, 2020 is untimely. Kum & Go also argues that equitable tolling of the limitations period is not warranted.

Watkins counters that his lawsuit is timely because the 90-day deadline to file it began to run on January 24, 2020 when the EEOC sent him the letter which is the first time he saw the July 10, 2019 Notice.[2] Watkins asks for equitable tolling of the 90-day limitations period if the Court concludes that the clock began running on July 10, 2019.

## DISCUSSION

### I. Kum & Go's Motion to Dismiss

#### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court assessing such a motion must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010); *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799 (8th Cir. 2011). Courts consider "plausibility" by

---

[2] Watkins's assertion that he did not receive the July 10, 2019 Notice of Rights until the EEOC sent him a copy of it in the letter dated January 24, 2020 comports with the EEOC's statement in the January 24 letter that the original Notice dated July 10, 2019 was "returned to EEOC sometime after July 18, 2019 with no forwarding address, therefore EEOC was unable to forward it to you."

3

" 'draw[ing] on [their own] judicial experience and common sense.' " *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts must " 'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.' " *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)).

In considering a 12(b)(6) motion to dismiss, courts primarily look to the complaint and " 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

### B.   Statute of Limitations

There is a 90-day deadline for filing Title VII suits after the right to sue letter issues.[3] "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imp.*, 869 F.2d 1122, 1124 (8th Cir. 1989).

Kum & Go asserts that Watkins was required to provide the EEOC with notice of his change in address.[4] *See* 29 C.F.R. § 1601.7(b) ("The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in contact information so that the Commission may communicate with him or her during the Commission's consideration of the charge."). According to Kum & Go, had Watkins provided the EEOC with his new address, he would have received the July 10, 2019 Notice when it was first sent to him by the EEOC.[5] Kum & Go argues

---

[3] *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1).

[4] Watkins's affidavit indicates that, on June 1, 2018, he moved from the N. Waltz address to a place on W. 15th Street in Sioux Falls, and that he provided the new address to the SFHRC. (Doc. 40, §§ 5 and 7.) The W. 15th Street address does not appear on any documents attached to the Complaint, but two letters from the SFHRC addressed to Watkins at the W. 15th St. address are attached to his affidavit. (Docs. 40-2 and 40-3.)

[5] A copy of the July 10, 2019 Notice is not included with the Complaint. Kum & Go attached a copy of it as Exhibit A to its brief, and Watkins attached a copy of it to his affidavit. (Doc. 28-1 and Doc. 40-4.)

4

that this case is time barred because the July 10, 2019 Notice commenced the 90-day limitations period and the lawsuit wasn't filed until February 24, 2020.[6]

Watkins argues that the July 10, 2019 Notice did not start the 90-day limitations period because he did not receive it until January 12, 2020. According to Watkins, updating his address with the SFHRC should have been sufficient because the Charge of Discrimination was dual-filed with the SFHRC and the EEOC. The SFHRC was the agency Watkins dealt with until he asked the EEOC to review the no probable cause determination. Watkins points out that he received a July 5, 2018 letter from the SFHRC at his updated address, as well as the SFHRC's March 29, 2019 determination of no probable cause.

A statute-of-limitations defense is "typically an affirmative defense, which the defendant must plead and prove." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). A plaintiff need not plead facts responsive to an affirmative defense before that defense is raised. *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009). When considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011); *see also Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F.Supp.2d 843, 847 n.6 (D. Minn. 2012) ("[Q]uestions regarding timeliness generally must be resolved by a motion for summary judgment rather than a motion to dismiss.").

Here, Watkins's Complaint does not establish that the statute of limitations bars his claim. To the contrary, the Complaint alleges that he received a Notice of Right to Sue from the EEOC dated December 23, 2019. He filed his lawsuit on February 24, 2020. The January 24, 2020 letter

---

[6] Kum & Go also argues that the EEOC lacked the authority under its regulations to "revive" Watkins's claims, as Kum & Go says the EEOC attempted to do after the ninety-day time period provided in the July 2019 letter had expired. (Doc. 28, pp. 6-9.) However, the Court is not convinced at this juncture that the EEOC attempted to revive Watkins's claims. The EEOC explained in its January 24, 2020 letter that it erroneously issued the December 23, 2019 Right to Sue letter due to a clerical error, and it rescinded that Right to Sue.

Furthermore, Watkins admitted in his responsive brief that he is not relying on the December 23, 2019 Notice of Right to Sue to argue that his lawsuit is timely. (Doc. 39, p. 10) ("Because the EEOC withdrew the second Notice of Rights and the Plaintiff is not reliant upon the errant 12/23/20 Notice of Rights letter, KG's argument about the application and effect of 29 C.F.R. § 1601.19(b) is moot.").

from the EEOC attached to the Complaint refers to the December 23, 2019 Notice of Right to Sue, though it says that it was rescinded. The January 24, 2020 letter from the EEOC also says that the original Notice dated July 10, 2019 was enclosed, that it was returned to the EEOC soemtime after July 18, 2019 with no forwarding address, and therefore the EEOC was unable to forward it to Watkins. As noted earlier, a copy of the July 10, 2019 Notice of Right to Sue is not attached to the Complaint. The parties seem to agree that Watkins did not receive the initial July 10, 2019 Notice until he received the January, 24, 2020 letter. Based on the factual allegations of the Complaint and its attachments, it is not clear that Watkins's Title VII claims are barred by the 90-day time limit.

Whether equitable tolling is warranted is also not clear from the Complaint. It is possible that the language in the EEOC's January 24, 2020 letter may be understood to advance an equitable tolling argument. The EEOC states that "[u]pon receipt of the Dismissal Notice, you have 90 days to file suit in federal court." This could be a situation where the EEOC misled Watkins about which letter triggered the 90-day deadline for filing suit. In addition, the Court's research revealed that at least one court has noted different equities might apply when a charge of discrimination is dual-filed with a local agency and the EEOC. *See, e.g., Yousuf v. Fairview Univ. Med. Center*, 2013 WL 1900653 (D. Minn. April 10, 2013). In determining that equitable tolling was warranted for the plaintiff in *Yousuf* who failed to update her address with the EEOC, the district court distinguished the plaintiff's dual-filed charge from cases where a plaintiff filed the charge only with the EEOC and had only one agency to notify when changing addresses. *Id.* at * 8. In *Yousuf*, it was clear that the EEOC had the complainant's new address and "apparently made a purely admininstrative error" by sending the Notice of Rights to her old address. *Id.* at * 7. Here, there could be evidence in the EEOC files showing that it had obtained Watkins's new address via the SFHRC, or from a letter sent by Watkins himself in an envelope containing his new address, and that the July 10, 2019 Notice could have been sent to his new address. There is no showing in the record how the EEOC obtained Watkins's old address but failed to obtain his new address. Given the dual-filed Charge in this case, it is possible that equitable tolling is warranted if the 90-day time period to file the lawsuit was triggered by the July 10, 2019 Notice.

For all of these reasons, the Court will deny Kum & Go's motion to dismiss the Complaint as untimely pursuant to Rule 12(b)(6), and will allow the parties to further develop the record.

The Court notes that Watkins submitted a number of exhibits attached to an affidavit that he filed in opposition to Kum & Go's motion to dismiss. (Doc. 40.) Kum & Go argues that Watkins's affidavit and the supporting exhibits cannot be considered unless the Court converts the motion to dismiss into a Rule 56 motion for summary judgment. (Doc. 45, p. 1 n.1.) The Court declines to convert Kum & Go's motion to dismiss into a motion for summary judgment. *See Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion ."); *see also Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). Even where matters outside of the pleadings are presented to the Court, a motion to dismiss is not converted into a motion for summary judgment where "the district court's order makes clear that the judge ruled only on the motion to dismiss." *Skyberg v. United Food and Commercial Workers Int'l Union, AFL–CIO*, 5 F.3d 297, 302 n.2 (8th Cir. 1993). The Court concludes that this case is not ready for summary judgment treatment because the timeliness and equitable tolling issues need to be further developed.[7]

### C. Kum & Go's Motion to Dismiss for Untimely Service

Kum & Go moves to dismiss the Complaint alleging that is was not served within 90 days as required by Federal Rule of Civil Procedure 4(m). The Court granted Watkins leave to proceed in forma pauperis on August 6, 2020, at which time the Court ordered the Clerk of Court to send a summons to Watkins that he could use to serve Kum & Go. (Doc. 10.) Kum & Go contends that the 90-day period for service began to run on August 6. Kum & Go says it should have been served with the summons no later than November 4, 2020, but it was not served until November 9, 2020. Though the docket entry indicates the Clerk of Court placed the summons in the mail to Watkins on August 6, 2020 (Doc. 11), there is no showing when Watkins received the summons in the mail. However, for purposes of this motion, the Court will assume that Kum & Go should have been served by November 4, 2020.

---

[7] In this Order, the Court has referred to some of the exhibits attached to Watkins's affidavit simply to clarify some of the background that was unclear from the Complaint and its attachments, but the ruling on Kum & Go's motion to dismiss is based solely on the Complaint and its attachments.

Watkins responds that as soon as he received the Court's August 6, 2020 Order and the summonses from the Clerk of Court, he made robust efforts to serve each of the defendants. The record reflects those efforts. Watkins prepared summonses for Nate Harry and Ronda Johnson and got them by mail to the Clerk of Court by September 3, 2020 (Doc. 12.) Johnson was served on September 10. (Doc. 13.) Harry's summons was returned unserved because he no longer worked at Kum & Go. (Doc. 14.) The Clerk of Court did not send the unexecuted summons for Harry to Watkins's updated address and needed to resend it. (Doc. 24.) Watkins reissued the summons (Doc. 30). Nate Harry was finally served on December 2, 2020. (Doc. 34.)

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In 1993, Rule 4(m) was amended to increase "a district court's discretion to extend the 120–day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'"[8] *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (citing the 1993 advisory committee's note to Rule 4(m)). "Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Id.*; *see also Colasante v. Wells Fargo Corp.*, 81 Fed. App'x 611, 612–13 (8th Cir. 2003).

If good cause is not shown, "[t]o warrant such a permissive extension, a plaintiff must demonstrate excusable neglect." *Colasante*, 81 Fed. App'x at 613 (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). The Eighth Circuit has described excusable neglect as "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening

---

[8] The time for service was reduced from 120 days to 90 days by the 2015 amendments to Rule 4(m).

circumstances beyond the party's control." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 959 (8th Cir. 2010) (internal quotation marks omitted) (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed.R.Civ.P. 6)). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* In determining whether excusable neglect exists, the Eighth Circuit has looked to the following "particularly important" factors: "(1) the possibility of prejudice to the defendant, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)).

Watkins's summons for Kum & Go was issued and delivered to the United States Marshals Service ("USMS") on October 6, 2020. (Doc. 21.) That gave the USMS plenty of time to serve the summons on Kum & Go by November 4, 2020. Because Watkins ensured that the USMS had the summons a month before it needed to be served, Watkins has shown good cause for the failure of service within 90 days.

Moreover, the facts before the Court demonstrate that the flexible concept of excusable neglect should apply. Service on November 9 instead of November 4 did not prejudice Kum & Go or delay this litigation. Kum & Go clearly had notice and was aware of the Complaint in this case well before service because its lawyers appeared on behalf of Ronda Johnson and filed a motion to dismiss on her behalf on September 28, 2020. (Docs. 17, 18 and 19.) Any short delay was not in Watkins's control because he needed to rely on the USMS for service. Finally, Watkins acted in good faith and has pursued his rights diligently. For these reasons Watkins's complaint against Kum & Go will not be dismissed for untimely service.

**II.     Individual Defendants' Motions to Dismiss**

Watkins's claims against Nate Harry and Ronda Johnson will be dismissed because they cannot be held individually liable under Title VII. *See Lenhardt v. Basic Inst. of Tech, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995); *Smith v. St. Bernards Regional Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *Young v. John Morrell & Co.*, 2014 WL 6612032 (D.S.D. Nov. 20, 2014). Accordingly,

**IT IS ORDERED**:

1. That Ronda Johnson's motion to dismiss is granted. (Doc. 19)

2. That Nate Harry's motion to dismiss is granted. (Doc. 35.)

3. That Kum & Go's motion to dismiss is denied. (Doc. 27.)

4. That the Court will issue a Rule 26 Order for Discovery Report and Scheduling Information by separate Order.

Dated this 31st day of August, 2021.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*